UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARTHOLOMEW JOYCE,

    Plaintiff,

v.

RON BOEING, *et al.*,

    Defendant.

Case No. C08-5684FDB

REPORT AND RECOMMENDATION

Noted for February 20, 2009

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court because Plaintiff has failed to cure deficiencies in his application to proceed *in forma pauperis* and the U.S. Postal Service returned the court's order to show cause as undeliverable. After reviewing the record, it is recommended that the Court dismiss plaintiff's causes of action.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Bartholomew Joyce, submitted a Complaint along with an application to proceed *in forma pauperis*. On November 17, 2008, the Court Clerk sent a letter to Plaintiff informing him that the application was deficient, and on January 5, 2009, the court issued an order directed Plaintiff to cure those deficiencies by not later than January 23, 2009. On January 12, 2009, plaintiff's copy of the court's order to show cause was returned to the Clerk of the court by the postal service. The Clerk's office used the address provided by Plaintiff. Plaintiff has not responded to the court's order, and Plaintiff has not contacted the court or clerk's office to provide the court with a current address.

## DISCUSSION

It is the *pro se* plaintiff's responsibility to keep the clerk informed of his or her current address to ensure timely notification of court action. Local Rule CR 41(b)(2) states:

A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Here, the clerk sent the a copy of the court's show cause order on or about January 5, 2009, but the document was returned to the court clerk by the postal service because plaintiff was no longer at the address provided by plaintiff in his initial pleadings. The court is unaware of plaintiff's current place of residence or confinement. Moreover, the application to proceed in forma pauperis is deficient. Plaintiff was advised of the deficiencies by the Clerk in its letter dated November 17, 2008, which was not returned as undeliverable, and Plaintiff has not responded.

## CONCLUSION

Based on the foregoing discussion, the Court should dismiss this matter without prejudice for failure to prosecute. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 20, 2009**, as noted in the caption.

Dated this 28th day of January, 2009.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge